# CV-10 1940

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

ALAN I. GOTTLIEB on behalf of himself and
all others similarly situated

                      Plaintiff,

        -against-

PETER SEIDEMAN

                   Defendant.

------------------------------------------------------------

U.S. DISTRICT COURT E.D.N.Y.

★    APR 29 2010    ★

LONG ISLAND OFFICE

**VITALIANO, J.**

## CLASS ACTION COMPLAINT

**MANN, M.**

### Introduction

1.    Plaintiff seeks redress for the illegal practices of Peter Seideman concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to State Bank of Long Island.

4.    Defendant's principal place of business is located in Suffolk County, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9.    On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.   On or about October 27, 2009 defendant sent the plaintiff a collection letter seeking to collect a balance of $399.90 allegedly incurred for personal purposes.

11.   Said letter states in part: "Past due interest, late charges and counsel fees have accrued on this account and are payable immediately."

12.   Said language contradicts the plaintiffs right to dispute the debt within the initial 30 day period.

13.   Said letter states in part: " **DEMAND IS HEREBY MADE** that you pay to the undersigned as attorney for State Bank of Long Island $399.90 plus all unpaid interest accruing at the rate of 9% per annum, plus all additional late fees."

14.   The defendant has not quantified the amount of the debt.

15.   The least sophisticated consumer would not know whether to mail in $399.90 or some other amount.

16.   The defendant was attempting to collect the listed balance plus the interest running on it or other charges.

17.   Said letter states in part:

2

"If the overdue balance shown above is not correct, or if you do not owe this money, and if you send us a written notice of these facts within thirty (30) days, we will obtain verification of the debt and the amount due from the State Bank of Long Island and mail it to you. If you do not notify us in writing within thirty (30) days we shall assume that the overdue balance shown above is correct."

18.  Said language contradicts the plaintiffs right to dispute the debt orally.

19.  The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

20.  That a mass-produced computer generated letter bearing a secretary's signature was forwarded to the plaintiff.

21.  Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when the plaintiff's account was not personally reviewed by an attorney.

22.  That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the date of the letter at issue.

23.  Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

24.  Defendant Seideman has personally approved the text of the letters and/or allowed his letterhead to be used knowing that the files have not been reviewed by an attorney.

25.  The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, 1692e(3) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

26.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-25 as if set forth fully in this Cause of Action.

27.   This cause of action is brought on behalf of plaintiffs and the members of a class.

28.   The Class consists of consumers who received the same form letter, as did the plaintiff.

29.   The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about October 27, 2009 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a purported consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692g, 1692e(3) and 1692e(10).

30.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the

4

FDCPA using collection letters and language therein which violate the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

31.    The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

32.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a

5

class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35.     Defendant violated the FDCPA as set forth above.

36.     As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)     For such other and further relief as may be just and proper.


Dated: Cedarhurst, New York
       April 28, 2010

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

6

*Law Offices*
**PETER SEIDEMAN**
*136 East Main Street*
*East Islip, New York 11730*

*631-224-4040*
*Fax:631-224-4044*
*E-Mail: law@pslegal.com*

PETER SEIDEMAN
E-Mail: pseideman@pslegal.com

*Of Counsel*
**Salamon Davis**
**Peter Rand**

*Shannon A. Seidenstein*

*October 27, 2009*

*Alan I. Gottlieb*
*90-11 Northern Boulevard*
*Apt. 211*
*Jackson Heights, New York   11372*

**Re:**   **State Bank of Long Island v. Alan I. Gottlieb**
         **Our File No. 7209**
         **Balance Due: $399.90**

### DEMAND FOR PAYMENT OF A DEFAULTED
### CHECKLINE ACCOUNT

*Dear Sir/Madam:*

*This office represents State Bank of Long Island  for  the enforcement of a* **DEFAULTED**
**CHECKLINE ACCOUNT** *made to Alan I. Gottlieb,  dated May 5, 2004. There is an outstanding
balance totaling $399.90 and the account is in default.  Past due interest, late charges and counsel
fees have accrued on this Account and are payable immediately.*

**DEMAND IS HEREBY MADE** *that you pay to the undersigned as attorney for State Bank of Long
Island  $399.90  plus all unpaid interest accruing at the rate of 9% per annum, plus all additional
late fees.*

*If the overdue balance shown above is not correct, or if you do not owe this money, and if you send
us a written notice of these facts within thirty (30) days, we will obtain verification of the debt and
the amount due from State Bank of Long Island and mail it to you.  If you do not notify us in writing
within thirty (30) days we shall  assume that the overdue balance shown above is correct.*

Please be advised that State Bank of Long Island has already authorized this office to commence suit against you in the event payment is not made as demanded. Pursuant to the terms of the Account Agreement, attorneys' fees are payable by you in the event State Bank of Long Island commences suit to enforce it s rights. If suit must be commenced to collect this overdue debt, the suit papers will contain a demand for the payment of attorneys' fees. In the event that suit becomes necessary, it will be commenced without further written notice to you.

I urge you not to ignore this important matter but to contact this office immediately so that we may make arrangements for satisfaction of this debt. Please be advised that any information obtained will be used for the purpose of collecting this debt.

Very truly yours,

Peter Seideman
Attorney at Law

PS/js

**THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**